**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JULIO CESAR LOPEZ IRIAS,<br><br>Petitioner,<br><br>v.<br><br>ACTING DIRECTOR of U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Respondents. | ) | Case No. CIV-26-1947-D |

**ORDER**

Julio Cesar Lopez Irias, a noncitizen detainee, is named as Petitioner in this 28 U.S.C. § 2241 habeas corpus action filed on July 27, 2026. [Doc. No. 2, 3].[1] A layperson and non-detainee named Cesar Carias purports to have filed the Petition as Petitioner's "next friend." [Doc. No. 2, at p. 8].

**DISCUSSION**

**I. Cesar Carias May Not Represent Petitioner.**

**a. Mr. Carias does Not Qualify as Petitioner's "Next Friend."**

Mr. Carias has not established the stringent criteria for "next friend" standing to bring a lawsuit on behalf of Petitioner. A "next friend" may pursue relief on behalf of a detained person who is unable to seek relief on his own. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. To pursue a case as

[1] Citations to Petitioner's filings reference the CM/ECF pagination at the top of each page.

a next friend, the proposed next friend must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id.* at 165; *see also Williams v. Boone*, 166 F.3d 1223, 1999 WL 34856, at *5 (10th Cir. 1999) (unpublished) ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."). The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and "have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. The burden is on the next friend to "clearly . . . establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164; *see also Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016) (unpublished) (denying certificate of appealability and dismissing appeal of "next friend" who failed to satisfy the *Whitmore* factors for next friend standing).

Mr. Carias does not satisfy the *Whitmore* factors. Mr. Carias does not provide any argument or explanation as to why Petitioner is unable to litigate his own case. Moreover, Petitioner's status as a detainee does not demonstrate that he was unable to file his petition justifying the need for a next friend to file one on his behalf. *See, e.g., Jiron*, 671 F. App'x at 706 (unpublished) (rejecting father's attempt to act as next friend when he failed to show how his daughter's incarceration and failure to receive certain documents from the district court "interfered with her ability to communicate with the district court").

Additionally, Mr. Carias' status as Petitioner's uncle is not sufficient alone to show a sufficient relationship. Indeed, Mr. Carias has not provided any evidence that Petitioner is aware of Mr. Carias' purported status as his next friend. Accordingly, without proof of

Petitioner's authorization and his inability to act on his own behalf, the Court declines to recognize Mr. Carias as Petitioner's "next friend." *Williams*, 166 F.3d 1223, at *5.

Further, even if Mr. Carias were recognized as Petitioner's next friend, he could not represent Petitioner or sign filings on his behalf, and would have to employ counsel to do so. *See Sutton v. Doe 1*, 736 F. App'x 212, 213 (10th Cir. 2018) (unpublished) ("However, pro se litigants, as [plaintiff] is in this case, may not bring 'next friend' suits." (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986))); *see also United States v. Reese*, No. CIV-25-1447-SLP, 2025 WL 3516478, at *1 (W.D. Okla. Dec. 8, 2025) ("[T]he Tenth Circuit has held that if a "next friend" elects to bring a suit on behalf of an individual, they must be represented by counsel themselves." (citing *Bunn v. Perdue*, 966 F.3d 1094, 1098 (10th Cir. 2020), and *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011)).

**b. Mr. Carias is Not an Attorney.**

Federal law permits parties to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Similarly, federal procedural rules mandate that "[e]very pleading, written motion, and other paper must be signed by" either an "attorney of record" or the "party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). As such, federal law and procedural rules require that filings in federal court be signed either by an attorney of record or by the party personally— signature and representation by a nonlawyer are not permitted.

Mr. Carias does not appear to be an attorney and has not filed an entry of appearance as he must do if he is, in fact, a licensed attorney appearing on behalf of Petitioner. *See* LCvR83.4. Assuming that Mr. Carias is not an attorney, he may not represent Petitioner or

sign filings on his behalf. *See Bunn*, 966 F.3d at 1098 ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") (quotation and citation omitted); *Adams ex rel. D.J.W.*, 659 F.3d at 1299 ("The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. Because pro se means to appear for oneself, however, a person may not appear on another person's behalf in the other's cause." (citation modified)).

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Petitioner Julio Cesar Lopez Irias must file an amended petition signed either by 1) himself, if he intends to proceed pro se, or 2) by a licensed attorney. Any amended petition must be filed no later than September 18, 2026. Failure to do so will likely result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that the Court's Order dated August 4, 2026 [Doc. No. 10] is **VACATED**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Stay Deadline for Response Pending Resolution of Next Friend Status [Doc. No. 12] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 18th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE